UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04-14226 CIV-MIDDLEBROOKS

CASE NO. _____

MAGISTRATE JUDGE
LYNCH

LOUIS TARTAGLIA,

   Plaintiff,

vs.

WHITLATCH KIBBIE AND PEZZIN, LLC,
a Florida corporation, JAMES WHITLATCH,
DONALD KIBBIE, and ROBERT PEZZINO,

   Defendants.
_____/

## COMPLAINT

Plaintiff, LOUIS TARTAGLIA, by and through his undersigned counsel, hereby sues Defendants, WHITLATCH KIBBIE AND PEZZIN, LLC., (hereafter "WKP"), JAMES WHITLATCH, (hereafter "WHITLATCH"), DONALD KIBBIE (hereafter "KIBBIE"), and ROBERT PEZZINO (hereafter "PEZZINO"), and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Plaintiff and all those similarly situated to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiff's claims are brought pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Ft. Pierce, St. Lucie County, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S. C § 1391(b).

### Parties

4. At all times material hereto, Plaintiff was and is a resident of St. Lucie County, Florida.

5. At all times material hereto, WKP was a Florida corporation doing business in St. Lucie County, Florida.

6. WKP is engaged in the business of providing goods in the form of kitty litter in St. Lucie County, Florida and elsewhere in the United States. At all times material hereto, WKP employed employees, including Plaintiff, who regularly were and are engaged in interstate commerce.

7. At all times material hereto, WKP had annual gross sales or business done of not less than $500,000. By reason of the foregoing, WKP was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

8. At all times material hereto, WHITLATCH, acted directly or indirectly in the interest of an employer in relation to Plaintiff. WHITLATCH has therefore been an employer within the meaning of 29 U.S.C. § 203 (d).

9. At all times material hereto, KIBBIE, acted directly or indirectly in the interest of an employer in relation to Plaintiff. KIBBIE has therefore been an employer within the meaning of 29 U.S.C. § 203 (d).

10. At all times material hereto, PEZZINO, acted directly or indirectly in the interest of an employer in relation to Plaintiff. PEZZINO has therefore been an employer within the meaning of 29 U.S.C. § 203 (d).

### General Allegations

11. During the relevant time period, Plaintiff was employed by WKP as a laborer/employee at WKP's, Ft. Pierce, Florida location.

12. Plaintiff was, during the relevant time period, paid an hourly wage by WKP.

13. Plaintiff worked in excess of forty hours in several workweeks during the relevant time period.

14. WKP has engaged in the following acts or pay practices that have resulted in the failure to pay Plaintiff overtime compensation as required by the FLSA in workweeks in which they work in excess of forty hours per week:

    a. failing to record and credit all working hours by employing practices including, but not limited to, basing the calculation of hours automatically on a forty (40) hour work week, rather than on the number of hours they actually were required, suffered or permitted to work; and

    b. failing to pay a half-time overtime premium for all hours worked in excess of forty (40) per workweek.

## Count I: Unpaid Overtime

15. Plaintiff hereby incorporate paragraphs 1 through 14 of the Complaint by reference.

16. Since in or about March, 2003 until on or about May 13, 2003 Plaintiff had in several workweeks worked in excess of forty hours per week for WKP. In these workweeks, was not paid the half time premium for all hours worked over 40 per work week by WKP as is required by the FLSA.

17. Since on or about May 14, 2003 until on or about August 8, 2003, Plaintiff had in several workweeks worked in excess of forty hours per week for WKP. In these workweeks, WKP did not pay any overtime compensation as is required by the FLSA.

18. WHITLATCH, KIBBIE and PEZZINO acted directly or indirectly in the interest of an employer in relation to Plaintiff, and had positions of authority and supervision over Plaintiff during his employment with WKP.

19. As a direct and proximate result of WKP's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

20. WKP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment, jointly and/or severally liable, against WKP, WHITLATCH, KIBBIE, and/or PEZZINO for compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Request for Trial by Jury

Plaintiff further demands trial by jury on all issues so triable.

Date: August 4, 2004

Respectfully submitted,

**Law Offices of
Lewis, Mortell & Lewis, L.L.P.**
Attorneys for Plaintiff
1115 E. Ocean Blvd.
Stuart, FL 34996
Telephone: (772) 286-7861
Facsimile: (772) 288-2013
Email: LeeBaggett@aol.com

By: _____
Michael J. Mortell, Esq.
FBN: 966347

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LOUIS TARTAGLIA

**DEFENDANTS**
WHITLATCH KIBBIE AND PEZZINO LLC, a Florida corporation, JAMES WHITLATCH, DONALD KIBBIE AND ROBERT PEZZINO,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04-14226 CIV-MIDDLEBROOKS
MAGISTRATE JUDGE
LYNCH

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lewis, Mortell & Lewis
1115 E. Ocean Boulevard
Stuart, FL 34996   (772) 286-7861

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, **ST. LUCIE**, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of the Fair Labor Standards Act 29 USC Section 201 et seq.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 ☐
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 8/5/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
2:2004CV14226

RECEIPT # 221642  AMOUNT $150-cv  APPLYING IFP ____ JUDGE Middlebrooks  MAG JUDGE Lynch